STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>ACDC-BOOTLEGS.COM, an entity of unknown origin and nature; and NATE ALTHOFF, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0815<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Acdc-bootlegs.com ("Acdc-bootlegs") and "Nate Althoff ("Mr. Althoff"; collectively with Acdc-bootlegs known herein as the "Defendants"), on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Althoff is, and has been at all times relevant to this lawsuit, identified by the current registrar, Wild West Domains, Inc. ("Wild West Domains"), as the registrant for the Internet domain found at <acdc-bootlegs.com> (the "Domain").

5. Mr. Althoff is, and has been at all times relevant to this lawsuit, identified by Wild West Domains as the administrative contact for the Domain.

6. Mr. Althoff is, and has been at all times relevant to this lawsuit, identified by Wild West Domains as the technical contact for the Domain.

7. Acdc-bootlegs is, and has been at all times relevant to this lawsuit, identified by the content accessible through the Domain (said content accessible through the Domain known herein as the "Website") as the owner of the copyright in the Website.

8. Acdc-bootlegs is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

9. Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, Nevada, and North Dakota demonstrate that, at least with respect to these states, Acdc-bootlegs is not a formally organized business entity.

## JURISDICTION

10. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

11. Acdc-bootlegs purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

12. Mr. Althoff purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

13. Righthaven is the owner of the copyright in the literary work entitled "AC/DC concerts still explosive" (the "Work"), attached hereto as Exhibit 1.

14. The Defendants copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

15. On or about April 11, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

16. The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

17. The Defendants' unauthorized reproduction of a Righthaven-owned copyrighted work found on the Website is purposefully targeted at Nevada residents.

18. The Defendants' contacts with Nevada are, and have been since 2003, continuous and systematic because the Defendants published and publish, on the Website, content emanating from Nevada-based daily publications.

19. The Defendants' contacts with Nevada are, and have been since 2003, continuous and systematic because the Defendants published and publish, on the Website, content of specific interest to Las Vegas, Nevada residents, including information related to Las Vegas, Nevada-based music concerts.

20. The Defendants' contacts with Nevada are, and have been since 2003, continuous and systematic because the Defendants facilitated and facilitate, via the Website, the distribution of audio recordings originally recorded at Las Vegas, Nevada-based music concerts.

## **VENUE**

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

3

## FACTS

22. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

23. Righthaven is the owner of the copyright in the Work.

24. The Work was originally published on April 10, 2010.

25. On May 26, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007145865 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

26. No later than April 11, 2010, the Defendants displayed the Infringement on the Website.

27. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

28. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

29. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

31. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

32. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

33. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

34. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

35. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

36. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

37. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

38. Acdc-bootlegs has willfully engaged in the copyright infringement of the Work.

39. Mr. Althoff has willfully engaged in the copyright infringement of the Work.

40. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

  2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

  3. Direct Wild West Domains and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

  4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

  5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

  6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

  7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this twenty-eighth day of May, 2010.

                RIGHTHAVEN LLC

                By: /s/ J. Charles Coons
                STEVEN A. GIBSON, ESQ.
                Nevada Bar No. 6656
                J. CHARLES COONS, ESQ.
                Nevada Bar No. 10553
                JOSEPH C. CHU, ESQ.
                Nevada Bar No. 11082
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701
                Attorneys for Plaintiff